UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK WAGENHOFFER,

    Plaintiff,

v.                                         Case No. 8:23-cv-1104-MSS-SPF

SERBO SIMEONI, *et al.*,

    Defendants.
_____/

## O R D E R

Wagenhoffer sues Judge Frank Grey and private attorneys Serbo Simeoni and Scott Tremblay for federal civil rights violations (Doc. 1), moves for appointment of counsel (Doc. 10), and submits a "Prisoner Consent Form and Financial Certificate." (Docs. 7, 11, and 12)[1]

Wagenhoffer alleges that a traffic citation charged him with driving under the influence of alcohol, the statute prohibiting driving under the influence permits a maximum sentence of six months, and he spent thirteen months in jail while pre-trial detained. (Doc. 1 at 8–9) Simeoni and Tremblay represented Wagenhoffer in the criminal case, and Judge Grey presided over the criminal case. (Doc. 1 at 9–10)

Wagenhoffer asserts that Judge Grey violated his federal constitutional rights and a state rule of criminal procedure by holding pre-trial hearings outside the presence of Wagenhoffer, by ruling on *pro se* motions without giving Wagenhoffer an opportunity to be heard at a hearing, by permitting Tremblay to represent him with a conflict of interest, and by

---

[1] Wagenhoffer moves to compel the staff at the Hillsborough County Jail to complete the prisoner consent form. (Doc. 8) Because Wagenhoffer submitted a prisoner consent form completed by staff at the jail, his motion (Doc. 8) to compel is **DENIED** as moot.

1

granting Tremblay's motion for a continuance when Wagenhoffer was entitled to release. (Doc. 1 at 9–12) He contends that Simeoni deficiently performed by not moving for his immediate release and Tremblay violated his right to conflict-free counsel. (Doc. 1 at 14) He demands $222,000.00 from Simeoni and $500,000.00 from Tremblay for the loss of his freedom while he was pre-trial detained. (Doc. 1 at 14)

Judicially noticed records from state court show that the citation charged Wagenhoffer with driving under the influence, a jury found him guilty, the trial court sentenced him to time served, and Wagenhoffer appealed. *State v. Wagenhoffer*, No. 19-CT-2186 (Fla. 6th Jud. Cir.). Wagenhoffer's appeal is pending. *Wagenhoffer v. State*, No. 2D23-1298 (Fla. 2d DCA). Judicially noticed records from the Pasco County Sheriff's Office show that Wagenhoffer was released. Jail Resources, Pasco County, *available at* https://www.pascocountyfl.net/1022/Jail-Resources. Wagenhoffer is detained in jail in Hillsborough County for other charges. Arrest Inquiry, Hillsborough County Sheriff's Office, *available at* https://webapps.hcso.tampa.fl.us/ArrestInquiry.

The Court construes the "Prisoner Consent Form and Financial Certificate" (Docs. 7, 11, and 12) as a motion for leave to proceed *in forma pauperis*. Wagenhoffer is barred from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("That rule generally prevents a prisoner from bringing suit *in forma pauperis* . . . [ ] if he has had three or more prior suits dismissed on

2

the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.") (citation and internal quotations omitted).

Wagenhoffer's actions that qualify as "strikes" under Section 1915(g) include:

- *Wagenhoffer v. Callahan*, No. 8:21-cv-2032-MSS-AEP (M.D. Fla.), ECF No. 17 at 3 ("This case is dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).").

- *Wagenhoffer v. Gualtieri*, No. 8:22-cv-1317-KKM-AEP (M.D. Fla.), ECF Nos. 5 at 1 ("Because Wagenhoffer fails to sufficiently set forth his claims, he must amend his complaint if he desires to proceed in this action. *See* 28 U.S.C. §§ 1915A, 1915(e).") & 6 at 1 ("Wagenhoffer did not timely comply with the order or seek an extension of time. The Court's earlier order dismissing his complaint without prejudice has, therefore, become a final judgment.").

- *Wagenhoffer v. Nucifora*, No. 2:07-cv-3942-DMC-MF (D.N.J.), ECF No. 8 at 1–2 ("This matter having come before the Court on motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6) . . ., and the Court having considered the papers submitted herein, and for good cause shown; it is on this 14th day of March, 2008; ordered that the Defendant's motion is hereby granted; and ordered that Plaintiff's complaint against Defendant, Charles Nucifora, is hereby dismissed with prejudice . . . .").

A dismissal for failure to state a claim, with or without prejudice, counts as a "strike." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). Because Wagenhoffer is not "under imminent danger of serious physical injury," he does not qualify for Section 1915(g)'s imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Accordingly, it is **ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice for Wagenhoffer to initiate a new civil rights action by both filing a civil rights complaint and paying the $402.00 filing fee. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on August 31, 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE